UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
v. )
)
JANET E. SMITH )
and )
THOMAS H. CABANA, )
)
DEFENDANTS )

**Criminal No.** 05-10155-MLW

Violations:

Conspiracy (18 U.S.C. §371)
Bank Fraud (18 U.S.C. §1344)

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

### THE INSTITUTIONS

1.    At all times material to this Indictment, Dedham
Savings Bank ("Dedham Savings") was a bank, with a principal
place of business at 55 Elm Street in Dedham, Massachusetts, the
deposits of which were insured by the Federal Deposit Insurance
Corporation ("FDIC").

2.    At all times material to this Indictment, Mechanics
Cooperative Bank("Mechanics Cooperative") was a bank, with a
principal place of business at 308 Bay Street in Taunton,
Massachusetts, the deposits of which were insured by the Federal
Deposit Insurance Corporation ("FDIC").

3.    At all times material to this Indictment, the FDIC was
a financial institution regulatory agency organized and existing
under the laws of the United States, Title 12 of the United

States Code, with responsibility for the certification,

regulation, examination and insurance of federally insured banks.

4.    At times material to this Indictment, Newcourt

Financial USA, Inc. ("Newcourt") was engaged in interstate

commerce as a commercial lender with a principal place of

business at Indianapolis, Indiana.

5.    At times material to this Indictment, CIT Financial

USA ("CIT") was engaged in interstate commerce as a commercial

lender with a principal place of business at Chicago, Illinois.

On November 15, 1999, CIT purchased Newcourt, including loans

issued by Newcourt.

6.    At all times material to this Indictment, Trip Makers,

Inc., ("Trip Makers") was a recreational vehicle sales and rental

company with a principal place of business at 2255 Providence

Highway in Walpole, Massachusetts.

### THE DEFENDANTS

7.    At all times material to this Indictment, defendant

JANET E. SMITH ("SMITH"), was President of Trip Makers.

8.    At all times material to this Indictment, defendant

THOMAS H. CABANA ("CABANA") was Treasurer and Clerk of Trip

Makers.

9.    At all times material to this Indictment, defendants

SMITH and CABANA were wife and husband and jointly owned and

operated Trip Makers.

2

## COUNT ONE

## CONSPIRACY
## (18 U.S.C. § 371)

10. The Grand Jury realleges and incorporates by reference paragraphs 1 through 9 of this Indictment, and further charges that:

11. From in or about July 1998, to in or November 2000, at Walpole, Dedham, and Taunton in the District of Massachusetts,

### JANET E. SMITH
### and
### THOMAS H. CABANA,

knowingly and unlawfully conspired and agreed with each other to commit offenses against the United States, to wit: To knowingly execute and attempt to execute a scheme to defraud and to obtain money, funds and other property owned by and under the custody and control of Dedham Savings Bank and Mechanics Cooperative Bank by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344 (Bank Fraud).

3

## OBJECTIVES OF THE CONSPIRACY

12.  The purposes and objectives of the conspiracy were:

A.  to create the appearance of successful sales and rentals of recreational vehicles by Trip Makers;

B.  to rent recreational vehicles from Trip Makers to the public;

C.  to sell recreational vehicles from Trip Makers to the public;

D.  to induce purchasers of recreational vehicles to place their vehicles in a rental inventory controlled by SMITH and CABANA, as operators of Trip Makers;

E.  to use recreational vehicles as collateral for loans in the name of Trip Makers;

F.  to fraudulently receive proceeds from loans in the name of Trip Makers obtained from Newcourt/CIT, Dedham Savings and Mechanics Cooperative;

G.  to unlawfully retain proceeds from loans in the name of Trip Makers.

## MANNER AND MEANS OF THE CONSPIRACY

13.  At all times material to this Indictment, defendant SMITH and defendant CABANA knowingly and willfully conducted schemes and artifices to defraud Dedham Savings Bank and Mechanics Cooperative Bank of the monies, funds, credits and assets belonging to and intrusted to the care and custody of said

4

banks by engaging in unauthorized and unlawful activities, to wit:

A.  concealing material facts relating to the ownership of recreational vehicles identified as collateral for loans in the name of Trip Makers;

B.  falsely representing to Dedham Savings and Mechanics Cooperative that vehicles identified as collateral for loans in the name of Trip Makers were free of liens and encumbrances;

C.  concealing the fact that vehicles identified as collateral for bank loans in the name of Trip Makers were subject to Newcourt/CIT commercial loans;

D.  falsely representing that vehicles financed by Dedham Savings and Mechanics Cooperative were maintained as property owned by Trip Makers for rental to the public;

E.  falsely representing to Dedham Savings and Mechanics Cooperative that Trip Makers owned vehicles which in fact did not belong to Trip Makers;

F.  concealing the fact that vehicles identified as collateral for loans in the name of Trip Makers had been sold out of inventory by Trip Makers;

G.  failing to pay loans in the name of Trip Makers when recreational vehicles identified as collateral were sold out of inventory by Trip Makers;

5

H.    fraudulently inducing purchasers of recreational vehicles to place their vehicles into a rental inventory controlled by SMITH and CABANA, as operators of Trip Makers;

I.    falsely representing to Dedham Savings and Mechanics Cooperative that recreational vehicles placed into the rental inventory controlled by SMITH and CABANA were vehicles owned by Trip Makers.

**OVERT ACTS PERFORMED IN FURTHERANCE OF THE CONSPIRACY**

14.    In furtherance of the conspiracy, in the District of Massachusetts, defendants SMITH and CABANA committed numerous overt acts, including:

A.    On or about September 21, 1998, defendant SMITH executed Dedham Savings loan documents to obtain bank funds in the amount of $39,000 for financing of a 1989 Limited Model 375 motor home;

B.    On or about May 19, 1999, contrary to representations made to Dedham Savings and in knowing violation of the Dedham Savings loan documents, defendants SMITH and CABANA obtained financing from Newcourt in the amount of $14,491.30 using the same 1989 Limited Model 375 motor home as collateral;

C.    In or about the Summer of 1999, the 1989 Limited Model 375 motor home was abandoned in North Dakota by defendants SMITH and CABANA;

6

D.    On or about April 12, 1999, defendant SMITH executed
      Dedham Savings loan documents to obtain bank funds in
      the amount of $41,000 for financing of a 1998 Allegro
      motor home;

E.    On or about May 3, 1999, contrary to representations
      made to Dedham Savings and in knowing violation of the
      Dedham Savings loan documents, defendants SMITH and
      CABANA sold the 1998 Allegro motor home to JR;

F.    On and after May 3, 1999, defendants SMITH and CABANA
      concealed from Dedham Savings the fact that the loan
      collateral had been sold;

G.    On or about April 13, 2000, defendants SMITH and CABANA
      obtained financing from CIT in the amount of $37,293.05
      using a 2000 Tioga 23B motor home as collateral;

H.    On or about July 12, 2000, defendant SMITH fraudulently
      executed Dedham Savings loan documents to obtain bank
      funds in the amount of $27,000 for financing the same
      2000 Tioga 23B motor home;

I.    On or about June 28, 2000, defendant SMITH executed
      Dedham Savings loan documents to obtain bank funds in
      the amount of $18,900 for the financing of a 2001
      Shasta Sprite motor home;

J.    On or about August 30, 2000, contrary to representations
      made to Dedham Savings and in knowing violation of the

7

Dedham Savings loan documents, defendants SMITH and
CABANA sold the 2001 Shasta Sprite motor home to MT;

K.   On and after August 30, 2000, defendants SMITH and
CABANA concealed from Dedham Savings the fact that the
loan collateral had been sold;

L.   On or about August 28, 1999, defendants SMITH and
CABANA obtained financing from CIT in the amount of
$44,209.05 using a 2000 Tioga 26 foot Autumn Beige
motor home as collateral;

M.   On or about September 21, 1999, defendants SMITH and
CABANA obtained financing from CIT in the amount of
$44,489.05 using a 2000 Tioga 26 foot Timeless Teal
motor home as collateral;

N.   On or about September 21, 2000, defendant CABANA
fraudulently executed Dedham Savings loan documents to
obtain bank funds in the amount of $70,000 for bank
financing of the same 2000 Tioga 26 foot Autumn Beige
motor home and the same 2000 Tioga 26 foot Timeless
Teal motor home;

O.   On or about October 5, 2000, contrary to
representations made to Dedham Savings and in knowing
violation of the Dedham Savings loan documents,
defendants SMITH and CABANA sold the 2000 Tioga 26 foot
Autumn Beige motor home to RT;

8

P.   On and after August 30, 2000, defendants SMITH and
     CABANA concealed from Dedham Savings the fact that the
     loan collateral had been sold;

Q.   On or about July 20, 1998, defendants SMITH and CABANA
     sold a 1998 Tioga 26 foot motor home to SM;

R.   On or about June 11, 1999, defendants SMITH and CABANA
     fraudulently represented to Mechanics Cooperative that
     the 1998 Tioga 26 foot motor home belonged to Trip
     Makers;

S.   On or about June 11, 1999, defendants SMITH and CABANA
     fraudulently executed Mechanics Cooperative loan
     documents to obtain bank funds in the amount of $31,000
     for financing of the 1998 Tioga 26 foot motor home;

T.   On or about October 23, 1995, defendants SMITH and
     CABANA sold a 1996 Tioga Montara mobile home to CB and
     GB;

U.   On or about June 18, 1999, defendants SMITH and CABANA
     fraudulently represented to Mechanics Cooperative that
     the 1996 Tioga Montara mobile home belonged to Trip
     Makers;

V.   On or about June 18, 1999, defendants SMITH and CABANA
     fraudulently executed Mechanics Cooperative loan
     documents to obtain bank funds in the amount of $22,600
     for financing of the 1996 Tioga Montara motor home;

9

W.  On or about December 18, 1998, defendants SMITH and
    CABANA executed Mechanics Cooperative loan documents to
    obtain bank funds in the amount of $22,275 for
    financing of a 1995 Tioga Montara motor home;

X.  On or about July 13, 2000, contrary to representations
    made to Mechanics Cooperative and in knowing violation
    of the Mechanics Cooperative loan documents, defendants
    SMITH and CABANA sold the 1995 Tioga Montara motor home
    to JK;

Y.  On and after July 13, 2000, defendants SMITH and CABANA
    concealed from Mechanics Cooperative the fact that the
    loan collateral had been sold;

Z.  On or about August 4, 1999, defendants SMITH and CABANA
    executed Mechanics Cooperative loan documents to obtain
    bank funds in the amount of $46,859 for financing of a
    2000 Shasta motor home;

AA. On or about February 24, 2000, contrary to
    representations made to Mechanics Cooperative and in
    knowing violation of the Mechanics Cooperative loan
    documents, defendants SMITH and CABANA sold the 2000
    Shasta motor home to RL;

BB. On and after February 24, 2000, defendants SMITH and
    CABANA concealed from Mechanics Cooperative the fact
    that the loan collateral had been sold.

10

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

### BANK FRAUD
### (18 U.S.C. §1344)

15. Grand Jury realleges and incorporates by reference paragraphs 1 through 9 of this Indictment, and further charges that:

16. From on or about May 19, 1999, to in or about November 2000, at Dedham and elsewhere in the District of Massachusetts,

### JANET E. SMITH

### and

### THOMAS H. CABANA

did knowingly attempt to and did execute a scheme and artifice to defraud a federally insured financial institution, to wit, Dedham Savings, in connection with a Dedham Savings loan dated September 21, 1998 in the amount of $39,000, which scheme consisted of a plan to conceal from Dedham Savings that, contrary to representations made to Dedham Savings and in violation of Dedham Savings loan documents, Trip Makers obtained additional financing of a 1989 Limited Model 375 motor home from Newcourt/CIT on May 19, 1999, and thereafter, contrary to representations made to Dedham Savings and in violation of Dedham Savings loan documents, Trip Makers abandoned the vehicle in North Dakota.

All in violation of Title 18, United States Code, Sections 1344 and 2.

12

## COUNT THREE

### BANK FRAUD
### (18 U.S.C. §1344)

17.  The Grand Jury realleges and incorporates by reference
paragraphs 1 through 9 of this Indictment, and further charges
that:

18.  From on or about May 3, 1999, to in or about November
2000, at Walpole and elsewhere in the District of Massachusetts,

### JANET E. SMITH
### and
### THOMAS H. CABANA,

did knowingly attempt to and did execute a scheme and artifice to
defraud a federally insured financial institution, to wit, Dedham
Savings, in connection with a Dedham Savings loan dated April 12,
1999 in the amount of $41,000, which scheme consisted of a plan
to conceal from Dedham Savings that on May 3, 1999, Trip Makers
sold a 1989 Allegro motor home contrary to representations made
to Dedham Savings and in violation of Dedham Savings loan
documents dated April 12, 1999.

All in violation of Title 18, United States Code, Sections
1344 and 2.

13

## COUNT FOUR

### BANK FRAUD
### (18 U.S.C. §1344)

19. The Grand Jury realleges and incorporates by reference paragraphs 1 through 9 of this Indictment, and further charges that:

20. From on or about July 12, 2000, to in or about November 2000, at Dedham and elsewhere in the District of Massachusetts,

### JANET E. SMITH
### and
### THOMAS H. CABANA,

did knowingly attempt to and did execute a scheme and artifice to defraud and to obtain, by means of false and fraudulent pretenses, representations and promises, moneys and funds owned by and under the custody and control of a federally insured financial institution, to wit, Dedham Savings, which scheme consisted of a plan to obtain loan proceeds in the amount of $27,000 by concealing from Dedham Savings that Trip Makers had previously obtained financing from CIT for a 2000 Tioga 23B motor home on April 13, 2000, and by falsely representing to Dedham Savings that the vehicle was free and clear of all liens and encumbrances.

All in violation of Title 18, United States Code, Sections 1344 and 2.

14

## COUNT FIVE

### BANK FRAUD
### (18 U.S.C. §1344)

21.    The Grand Jury realleges and incorporates by reference
paragraphs 1 through 9 of this Indictment, and further charges
that:

22.    From on or about August 30, 2000, to in or about
November 2000, at Walpole and elsewhere in the District of
Massachusetts,

### JANET E. SMITH
### and
### THOMAS H. CABANA,

did knowingly attempt to and did execute a scheme and artifice to
defraud a federally insured financial institution, to wit, Dedham
Savings, in connection with a Dedham Savings loan dated June 28,
2000 in the amount of $18,900, which scheme consisted of a plan
to conceal from Dedham Savings that on August 30, 2000, Trip
Makers sold a 2001 Shasta Sprite motor home contrary to
representations made to Dedham Savings and in violation of Dedham
Savings loan documents dated June 28, 2000.

All in violation of Title 18, United States Code, Sections
1344 and 2.

15

## COUNT SIX

### BANK FRAUD
### (18 U.S.C. §1344)

23.   Grand Jury realleges and incorporates by reference
paragraphs 1 through 9 of this Indictment, and further charges
that:

24.   From on or about September 21, 2000, to in or about
November 2000, at Dedham and elsewhere in the District of
Massachusetts,

### JANET E. SMITH

### and

### THOMAS H. CABANA

did knowingly attempt to and did execute a scheme and artifice to
defraud and to obtain, by means of false and fraudulent
pretenses, representations and promises, moneys and funds owned
by and under the custody and control of a federally insured
financial institution, to wit, Dedham Savings, which scheme
consisted of a plan to obtain loan proceeds in the amount of
$70,000 by concealing from Dedham Savings that Trip Makers had
previously obtained financing from Newcourt/CIT for a 2000 Tioga
26 foot Autumn Beige motor home on August 28, 1999, and that Trip
Makers had previously obtained financing from Newcourt/CIT for a
2000 Tioga Timeless Teal on September 21, 1999, and by falsely
representing to Dedham Savings that the two vehicles were free
and clear of all liens and encumbrances; the scheme further

16

consisted of a plan to defraud Dedham Savings by concealing from Dedham Savings that on October 5, 2000, Trip Makers sold the 2000 Tioga 26 foot Autumn Beige motor home contrary to representations made to Dedham Savings and in violation of Dedham Savings loan documents.

All in violation of Title 18, United States Code, Sections 1344 and 2.

17

## COUNT SEVEN

### BANK FRAUD
### (18 U.S.C. §1344)

25. Grand Jury realleges and incorporates by reference paragraphs 1 through 9 of this Indictment, and further charges that:

26. From on or about June 11, 1999, to in or about November 2000, at Taunton, and elsewhere in the District of Massachusetts,

### JANET E. SMITH

### and

### THOMAS H. CABANA

did knowingly attempt to and did execute a scheme and artifice to defraud and to obtain, by means of false and fraudulent pretenses, representations and promises, moneys and funds owned by and under the custody and control of a federally insured financial institution, to wit, Mechanics Cooperative, which scheme consisted of a plan to obtain loan proceeds in the amount of $31,000 by concealing from Mechanics Cooperative that on July 20, 1998, Trip Makers sold a 1998 Tioga 26 foot motor home, and by falsely representing to Mechanics Cooperative that Trip Makers owned the 1998 Tioga 26 foot motor home.

All in violation of Title 18, United States Code, Sections 1344 and 2.

18

## COUNT EIGHT

### BANK FRAUD
### (18 U.S.C. §1344)

27.  Grand Jury realleges and incorporates by reference
paragraphs 1 through 9 of this Indictment, and further charges
that:

28.  From on or about June 18, 1999, to in or about November
2000, at Taunton, and elsewhere in the District of Massachusetts,

### JANET E. SMITH

#### and

### THOMAS H. CABANA

did knowingly attempt to and did execute a scheme and artifice to
defraud and to obtain, by means of false and fraudulent
pretenses, representations and promises, moneys and funds owned
by and under the custody and control of a federally insured
financial institution, to wit, Mechanics Cooperative, which
scheme consisted of a plan to obtain loan proceeds in the amount
of $22,600 by concealing from Mechanics Cooperative that on
October 23, 1995, Trip Makers sold a 1996 Tioga Montara motor
home, and by falsely representing that Trip Makers owned the 1996
Tioga Montara motor home.

All in violation of Title 18, United States Code, Sections
1344 and 2.

19

## COUNT NINE

### BANK FRAUD
### (18 U.S.C. §1344)

29.  The Grand Jury realleges and incorporates by reference paragraphs 1 through 9 of this Indictment, and further charges that:

30.  From on or about July 13, 2000, to in or about November 2000, at Walpole and elsewhere in the District of Massachusetts,

### JANET E. SMITH
### and
### THOMAS H. CABANA,

did knowingly attempt to and did execute a scheme and artifice to defraud a federally insured financial institution, to wit, Mechanics Cooperative, in connection with a Mechanics Cooperative loan dated December 18, 1998 in the amount of $22,275, which scheme consisted of a plan to conceal from Mechanics Cooperative that on July 13, 2000, Trip Makers sold a 1995 Tioga Montara motor home contrary to representations made to Mechanics cooperative and in violation of Mechanics Cooperative loan documents.

All in violation of Title 18, United States Code, Sections 1344 and 2.

20

## COUNT TEN

### BANK FRAUD
### (18 U.S.C. §1344)

29.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 9 of this Indictment, and further charges that:

30.   From on or about February 24, 2000, to in or about November 2000, at Walpole and elsewhere in the District of Massachusetts,

### JANET E. SMITH
### and
### THOMAS H. CABANA,

did knowingly attempt to and did execute a scheme and artifice to defraud a federally insured financial institution, to wit, Mechanics Cooperative, in connection with a Mechanics Cooperative loan dated August 4, 1999 in the amount of $46,859, which scheme consisted of a plan to conceal from Mechanics Cooperative that on February 24, 2000, Trip Makers sold a 2000 Shasta motor home contrary to representations made to Mechanics Cooperative and in violation of Mechanics Cooperative loan documents dated August 4, 1999.

All in violation of Title 18, United States Code, Sections 1344 and 2.

21

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
VICTOR A. WILD
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS,

June   16  , 2005

Returned into the District Court by the Grand Jurors and filed.

Deputy Clerk

6/16/05

1:43

22

**Criminal Case Cover Sheet**          **U.S. District Court - District of Massachusetts**

**Place of Offense:** __25021__     **Category No.** __II__     **Investigating Agency** __FBI__

**City** __Walpole__      **Related Case Information:**

**County** __Norfolk__

Superseding Ind./ Inf. _____    Case No. _____
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __THOMAS H. CABANA__      Juvenile    ☐ Yes    ☒ No

Alias Name _____

Address    __3 Everett Lane Foxboro, MA 02035__

Birth date (Year only): __43__   SSN (last 4 #): __3247__ Sex __M__ Race: __Caucasian__ Nationality: __USA__

**Defense Counsel if known:** _____    **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** __VICTOR A. WILD__      **Bar Number if applicable** __543148__

**Interpreter:**    ☐ Yes ☒ No      **List language and/or dialect:** _____

**Matter to be SEALED:**    ☐ Yes    ☒ No

     ☐ **Warrant Requested**      ☒ **Regular Process**      ☐ **In Custody**

**Location Status:**

**Arrest Date:** _____

☐ **Already in Federal Custody as** _____ in _____ .
☐ **Already in State Custody** _____   ☐ **Serving Sentence**   ☐ **Awaiting Trial**
☐ **On Pretrial Release:**   **Ordered by** _____ on _____

**Charging Document:**    ☐ Complaint    ☐ Information    ☒ Indictment

**Total # of Counts:**    ☐ Petty _____    ☐ Misdemeanor _____    ☒ Felony   10

**Continue on Page 2 for Entry of U.S.C. Citations**

☐ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:**   **JUNE 16, 2005**      **Signature of AUSA:** _____