

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *United States Courthouse, Suite 9200*
                                          *1 Courthouse Way*
                                          *Boston, Massachusetts 02210*

August 1, 2005

Glen P Randall, Esq.
*Murphy and Randall*
Suite 100
50 Burlington Mall Road
Burlington, MA 01803

Dear Mr. Randall:

    re:  United States v. Smith and Cabana
         Criminal No. 05-10155-MLW

Dear Mr. Randall:

    I assume that you are representing both defendant Smith and Defendant Cabana. Please note that there may be a conflict of interest, depending on your interpretation of the enclosed materials.

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.    <u>Written Statements</u>

    There are no relevant written statements of the defendants in the possession, custody or control of the government, which are known to the attorney for the government.

However, you are invited to review the government's records and materials in this case by contacting the undersigned Assistant U.S. Attorney to arrange a mutually convenient time. Your review will reveal materials written by one or both of the defendants, either in connection with operation of the subject business or in connection with bankruptcy proceedings.

    b.   <u>Recorded Statements</u>

Enclosed are tape and CD copies of recorded statements of each of the defendants in connection with Bankruptcy proceedings on January 11, 2001 and February 6, 2002

    c.   <u>Grand Jury Testimony of the Defendant</u>

Neither defendant testified before a grand jury in relation to this case.

    d.   <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

| | | | |
|---|---|---|---|
| SMITH - | January 31, 2002 | CABANA - | March 1, 2002 |
| | February 28, 2002 | | July 18, 2003 |
| | June 4, 2003 | | July 18, 2003 |
| | December 18, 2003 | | July 22, 2003 |
| | | | July 24, 2003 |
| | | | July 31, 2003 |
| | | | August 1, 2003 |

2.   <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Copies of criminal records checks for each defendant were delivered at the Initial Appearance.

2

3.   <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.   <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

5.   <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

No searches were conducted in connection with investigation of the charges contained in the indictment in this case.

6.   <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

7.   <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

8.  Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

At this time, I am unaware of the names of any known unindicted coconspirators as to the conspiracy charged in Count One of the indictment.

9.  Identifications under Local Rule 116.1(C)(1)(f)

Neither of the defendants was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of either defendant.

10. Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

The government is aware of **no** information or materials relating to this case of the types described in Local Rule 116.2(B)(1). Nonetheless, information that you may consider to be discoverable under Local Rule 116:2(B)(1)(a) or (b) is enclosed among FBI 302 reports of interviews of defendants.

11. Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's

intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed are set forth in the indictment in this case, a copy of which you previously have received.

Please call the undersigned Assistant U.S. Attorney at 617-748-3100 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
VICTOR A. WILD
Assistant U.S. Attorney

Encl.

cc: Thomas Quinn
    Clerk to U.S. Magistrate Judge Dein
    (w/o enclosures)